1

2

3

4

5

6

7

8

9

10

**United States District Court**
For the Northern District of California

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| XENOPORT, INC., | Case No.: 12-CV-01544-EJD (PSG) |
| Plaintiff, | **ORDER GRANTING DEFENDANTS'** |
| v. | **MOTION FOR PROTECTIVE** |
| | **ORDER** |
| GLAXO GROUP LIMITED, ET AL., | **(Re: Docket No. 90)** |
| Defendants. | |

Defendants Glaxo Group Limited, GlaxoSmithKline, LLC and GlaxoSmithKline Holdings

(Americas) Inc. (collectively, "Glaxo") move for a protective order. Plaintiff XenoPort, Inc.

("XenoPort") opposes the motion. On July 3, 2012, the parties appeared for hearing.[1] Having

reviewed the papers and considered the arguments of counsel,

IT IS HEREBY ORDERED that Glaxo's motion for protective order is GRANTED.

Glaxo previously agreed to use "commercially reasonable efforts" to launch Xenoport's

drug product, Horizant, for restless leg syndrome. XenoPort later deemed Glaxo's efforts

insufficient and filed an action against it alleging various claims, including breach of contract.[2]

---

[1] The parties stipulated to shorten time on Glaxo's motion. *See* Docket No. 91.

[2] On January 24, 2012, XenoPort served Glaxo with a notice of breach and notice of termination threatening to terminate the parties agreement within ninety days. On February 23, 2012, Glaxo filed an action in the District of Delaware seeking declaratory judgment. On February 24, 2012, XenoPort filed this action in state court in California, which Glaxo removed here.

1

Case No.: C 12-01544 EJD (PSG)
ORDER

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

After XenoPort advised Glaxo of its continued interest in deposing Glaxo employee Vincent Remsburger ("Remsburger") and the parties held their Rule 26(f) conference, [3] Glaxo provided XenoPort with specific dates of his availability: July 31, August 1, 2 or 3, 2012. Xenoport nevertheless noticed Remsburger's deposition for another date – July 10, 2012. Glaxo wishes to postpone his deposition by at least three weeks so that Remsburger can spend the month of July focused on the launch of Horizant for a new indication, the treatment of postherpetic neuralgia. Glaxo contends that XenoPort is not prejudiced by extending the date of Remsburger's deposition. The parties have filed motions raising issues of remand, subject matter jurisdiction and venue that are pending before the presiding judge. In addition, a case management conference has not yet been held and a trial date has not been set.[4]

XenoPort responds that it is a small company with limited resources and that Remsburger is a critically important witness in the action. He has had, and continues to have, a key role in the commercialization of Horizant. XenoPort expressed to Glaxo an interest in deposing Remsburger as far back as March of this year, shortly after the case was filed in state court. XenoPort disputes that Remsburger's busy schedule and commitment to a virtual launch of Horizant justifies a four-month delay in its taking his deposition. XenoPort also complains that Glaxo plans to produce responsive documents only after Remsburger is deposed.

The court is persuaded that Glaxo has shown good cause to continue Remsburger's deposition to July 31. At this juncture in the case, there are no exigent deadlines that warrant disrupting his schedule for what is essentially three weeks of time. Glaxo is warned, however, that it should apply this same generous standard in evaluating any request for rescheduling of deposition dates by XenoPort, and that the court will not hesitate to impose sanctions if it is persuaded that this has not been the case.

---

[3] XenoPort first noticed Remsburger's deposition while the action was pending in state court.

[4] A case management conference will be held on August 10, 2012. *See* Docket No. 92.

2

Case No.: C 12-01544 EJD (PSG)
ORDER

**United States District Court**
For the Northern District of California

1    **IT IS SO ORDERED.**

2    Dated:    7/3/2012                                    _Paul S. Grewal_
                                                            PAUL S. GREWAL
3                                                           United States Magistrate Judge

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                          3

Case No.: C 12-01544 EJD (PSG)
ORDER